IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville May 20, 2014

**KELVIN DEWAYNE KING v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2006-B-1695      J. Randall Wyatt, Jr., Judge**

**No. M2013-02505-CCA-R3-PC - Filed June 23, 2014**

The Petitioner, Kelvin Dewayne King, appeals as of right from the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by dismissing his petition as having been untimely filed. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Richard D. Dumas, Jr., Nashville, Tennessee, for the appellant, Kelvin Dewayne King.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial in March 2007, the Petitioner was convicted of three counts of first degree premeditated murder, three counts of first degree felony murder, and one count of especially aggravated robbery. The trial court merged the first degree premeditated murder and first degree felony murder convictions and sentenced the Petitioner to an effective sentence of two life sentences without the possibility of parole. This court affirmed the Petitioner's convictions and sentences on direct appeal. See State v. Kelvin Dewayne King, No. M2009-01778-CCA-R3-CD, 2010 WL 1172209 (Tenn. Crim. App. Mar. 26, 2010), perm. app. dismissed, (Tenn. June 30, 2010). On June 30, 2010, our supreme court dismissed the Petitioner's application for permission to appeal because it was untimely.

On July 14, 2011, the Petitioner filed a pro se motion seeking a "suspension of the rules" and an extension of time to file his petition for post-conviction relief. A second such motion was filed by appointed counsel on September 20, 2011. Both motions alleged that a "satellite library" in the unit where the Petitioner was being held at the Northwestern Correctional Complex (NWCX) was closed on June 28, 2011, and that the Petitioner was unable to access legal materials needed to finish preparing his petition before the one-year statute of limitations ran. Both motions also incorrectly stated that the last day for filing the petition was July 9, 2011, rather than the actual deadline of June 30, 2011.

On October 5, 2012, the Petitioner filed a petition for post-conviction relief, and on November 6, 2012, the Petitioner filed an amended petition for post-conviction relief. Both petitions also raised the issue of the tolling of the statute of limitations and alleged that the satellite library was closed on June 28, 2011. The trial court held a hearing on the timeliness issue, at which the Petitioner testified. The Petitioner claimed the satellite library closed in March or April 2011 despite the fact that he had averred in all of his previous pleadings that it had closed on June 28, 2011. The Petitioner had also attached a memorandum from NWCX officials to his motion for an extension of time which was dated June 20, 2011, and stated that the library would "be removed" "[b]eginning [that] week."

The Petitioner admitted that he could still access legal materials from the NWCX's main library by filling out a request form. However, the Petitioner complained that there was a lengthy delay between his requests and his receipt of the requested materials. The Petitioner also admitted that he "got everything [he] needed" to file his petition "four to five weeks before [his] time was up." The Petitioner implied that he filed his motion for an extension of time "as soon as" he found out that he was not "going to be able to finish" his petition prior to the statute of limitations running. When confronted by the prosecutor about whether the motion was actually filed after the deadline, the Petitioner was unable to answer her questions. In a written order filed October 10, 2013, the post-conviction court dismissed the petition for having been untimely filed.

On appeal, the Petitioner contends that the trial court erred by dismissing his petition due to untimeliness. The Petitioner argues that the statute of limitations should have been tolled because he was denied his right to due process when the satellite library was removed from his unit. The State responds that the Petitioner "has failed to establish that he suffered any violation of due process and failed [to] establish that any of the narrow exceptions to the one-year statute of limitations apply to him."

At the outset, the State argues that the Petitioner has waived our review of this issue by failing to reference any facts "relevant to the issue presented for review" in his brief and by failing to make the required references to the record. See Tenn. Ct. Crim. App. R. 10(b)

("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court"). In fact, it appears that the majority of the Petitioner's brief was copied from portions of his petition for post-conviction relief filed in October 2012. Additionally, there is nothing in the brief that refers to the post-conviction court's hearing on this issue. Typically, such a flagrant disregard for this court's rules would result in waiver of our review. However, in the interest of finality, we will address the Petitioner's issue on the merits.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). "[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Id. "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b).

The Post-Conviction Procedure Act provides three factual circumstances in which the statute of limitations may be tolled: (1) the claim is based upon a constitutional right "that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) the claim is based upon "new scientific evidence" establishing the actual innocence of the petitioner; or (3) the claim seeks relief from a sentence that was enhanced based upon a previous conviction which was subsequently held to be invalid and the previous conviction "was not a guilty plea with an agreed sentence." Tenn. Code Ann. § 40-30-102(b). There is nothing in the record to suggest that any of these exceptions apply to the Petitioner's case.

In addition to the statutory circumstances listed above, our supreme court has held that due process may require tolling the statute of limitations. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Id. at 623-24. There is nothing in the record to suggest that any of these circumstances apply to the Petitioner's case.

We need not determine whether denial of access to legal materials would constitute a fourth circumstance in which due process requires tolling the post-conviction statute of limitations because the record established that the Petitioner was never denied access to legal materials. The Petitioner averred in all of his pleadings that the satellite library was closed on June 28, 2011, two days before the deadline. Even if the library had been closed in March or April as the Petitioner claimed at the hearing on this matter, the Petitioner was still able to request legal materials from the NWCX facility's main library. In fact, the Petitioner testified that he "got everything [he] needed" to file his petition "four to five weeks before [his] time was up." Furthermore, the Petitioner did not file his motion for an extension of time until fourteen days after the statute of limitations had lapsed and did not file an actual petition for post-conviction relief until October 5, 2012, over a year past the one-year deadline. Accordingly, we affirm the post-conviction's dismissal of the petition due to untimeliness.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE